IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SANDRA GRESHAM, : | |
| : | |
| Petitioner/Plaintiff, : | |
| : | CIVIL ACTION FILE NO. |
| v. : | |
| : | 1:13-CV-3597-WBH |
| CLAYTON  COUNTY : | |
| COLLABORATIVE  AUTHORITY, : | [Magistrate Judge Baverman] |
| and ELDRIN BELL, : | |
| : | |
| Defendants. : | |

**UNITED STATES MAGISTRATE JUDGE'S ORDER
AND FINAL REPORT AND RECOMMENDATION**

This matter is currently before the Court on Plaintiff's revised application to proceed *in forma pauperis* ("IFP"), [Doc. 6], as well her construed amended complaint, [Docs. 7-8]. For the reasons below, the undersigned **GRANTS** Plaintiff's request to proceed IFP for the sole purpose of reviewing Plaintiff's amended complaint for frivolity, and **RECOMMENDS** that the case be **DISMISSED**.

**I.     Background**

Plaintiff, proceeding *pro se*, filed her initial complaint seeking to "[r]e-open and [r]e-establish Case No.'s 1:09-cv-1980 and 1:08-cv-1980" involving her "son's Grandfather former Commissioner Eldrin Bell." [Doc. 1-1 at 1]. After finding

Plaintiff's IFP application to be insufficient, the undersigned performed a preliminary frivolity review and found that the complaint was an incoherent and impermissible shotgun complaint. [Doc. 5]. Plaintiff was directed to file an amended IFP application and an amended complaint, in accordance with instructions provided by the Court. [*Id.* at 4, 6-7].

**II.     Discussion**

   **A.     Amended Application to Proceed IFP**

Plaintiff's amended IFP application states that her only income is $242.00 per month in food stamps and that she has $1.13 in a business checking account. [Doc. 6 at 2]. She indicates that she has no assets and that her only monthly expense is $242.00 for food. Even the most destitute person in the United States has some asset, even if it is limited to the clothing he is wearing; has some income, even if it is from gifts, public assistance, or begging; and spends some money, even if it is minuscule and does not amount to substantial gainful employment. Therefore, the Court seriously doubts the veracity of the financial affidavit. However, the undersigned **GRANTS** Plaintiff's request to proceed IFP for these proceedings only for the sole purpose of reviewing Plaintiff's complaint for frivolity.

2

### B.     Frivolity Review

#### 1.     Legal Standard

Under 28 U.S.C. § 1915(e), a court must "*sua sponte* dismiss [an indigent non-prisoner's] complaint or any portion thereof which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune." *Robert v. Garrett*, No. 3:07-cv-625, 2007 WL 2320064, *1 (M.D. Ala. Aug. 10, 2007); *see also* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).  A claim is frivolous under § 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.' " *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (quoting *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001)). A frivolity review " 'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.' " *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).  However, a *pro se* complaint is liberally construed.  *Douglas v. Yates*, 535 F.3d 1316, 1320 (11th Cir. 2008).

#### 2.     Discussion

Apparently in response to the order allowing Plaintiff to replead her complaint, Plaintiff filed a "Motion to Amend Previous R.I.C.O. Filing as Ordered," [Doc. 7], and

3

a "Motion to Amend Damages to Business," [Doc. 8]. The undersigned construes these filings as Plaintiff's amended complaint.

The Motion to Amend Previous R.I.C.O. Filing as Ordered, [Doc. 7], contains almost word-for-word the same rambling, incoherent narrative that was presented in the initial complaint. Although the revised version is broken into numbered paragraphs and omits the section containing recitations of statutes and case law, it is no clearer than the original, and it still does not allow the Court or the defendants to determine the nature of the claims or which claims are being brought against which defendants. As before, it appears that Plaintiff alleges that certain members of the "Clayton County Collaborative Authority" and Eldrin Bell engaged in a conspiracy to "carry out a kidnapping" and to use her social security number to file bankruptcy cases in her name. [*Id.* at 3-14]. The Motion to Amend Damages to Business purports "to elaborate on damages sustained to Arms of Love Enterprises, Inc., due to the R.I.C.O. Conspiracy orchestrated by Clayton County Collaborative Authority Board Members and the co-conspirators." [Doc. 8 at 1]. Plaintiff states that she is the founder of Arms of Love Enterprises, a 501(c)(3) organization, and that an unlawful eviction caused Arms of Love "to come to an abrupt halt to Business." [Doc. 8 at 3].

4

"[D]istrict courts have the power and the duty to define the issues at the earliest stages of litigation." *Johnson Enters. of Jacksonville, Inc. v. FPL Group, Inc.*, 162 F.3d 1290, 1333 (11th Cir. 1998). When confronted with a shotgun pleading, a court can exercise its "supervisory obligation to *sua sponte* order repleading pursuant to Federal Rule of Civil Procedure 12(e)." *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1275 (11th Cir. 2006). "Implicit in such instruction is the notion that if the plaintiff fails to comply with the court's order—by filing a repleader with the same deficiency—the court should strike [her] pleading or, depending on the circumstances, dismiss [her] case and consider the imposition of monetary sanctions." *Byrne v. Nezhat*, 261 F.3d 1075, 1133 (11th Cir. 2001), abrogated on other grounds by *Douglas Asphalt Co. v. QORE, Inc.*, 657 F.3d 1146 (11th Cir. 2011).

As noted previously, Rules 8 and 10 of the Federal Rules of Civil Procedure are supposed to work in tandem "to require the pleader to present [her] claims discretely and succinctly, so that [(1) her] adversary can discern what [s]he is claiming and frame a responsive pleading, [and (2)] the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted." *Fikes v. City of Daphne*, 79 F.3d 1079, 1082 (11th Cir. 1996) (citation

omitted).[1]  A plaintiff runs afoul of the requirements under Rules 8 and 10 when she presents the court with a pleading that does not "identify [her] claims with sufficient clarity to enable the defendant to frame a responsible pleading." *Holtz v. Harpagon Co., LLC*, Civ. No. 1:09-cv-03085-JOF, 2010 WL 2595075, at *4 (N.D. Ga. June 25, 2010) (quoting *Sledge v. Goodyear Dunlop Tires N. Am., Ltd.*, 275 F.3d 1014, 1018 n.8 (11th Cir. 2001)).  These so-called "shotgun pleadings" are "framed in complete disregard of the principle that separate, discrete causes of action should be plead[ed] in separate counts," *Cesnik v. Edgewood Baptist Church*, 88 F.3d 902, 905 (11th Cir. 1996), and make it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Anderson v. Dist. Bd. of Trs.*, 77 F.3d 364, 366 (11th Cir. 1996).  The Eleventh Circuit has "roundly, repeatedly, and consistently condemn[ed]" shotgun pleadings, *see Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 979 (11th Cir. 2008), because they "wreak havoc on the judicial system." *See Byrne*, 261 F.3d at 1130.

---

[1]  Although a court liberally construes a *pro se* litigant's complaint, a *pro se* party "still must comply with the procedural rules governing the proper form of pleadings," including Rules 8 and 10. *Heard v. Nix*, 170 Fed. Appx. 618, 619 (11th Cir. Feb. 23, 2006) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)).

Here, Plaintiff has filed a construed amended complaint with the same deficiencies as the initial complaint. The undersigned's previous Order specifically stated that if Plaintiff failed to comply, the undersigned would recommend to the District Judge that the complaint be dismissed as an impermissible shotgun pleading pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, or alternatively, pursuant to Rule 41.3 of the Local Rules of this Court for failing to comply with a lawful court order. [Doc. 5 at 9]. Having thus warned Plaintiff, the undersigned **RECOMMENDS** that this case be **DISMISSED**. *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (suggesting that it is sufficient to give a plaintiff who has filed a shotgun pleading one chance to replead correctly); *see also Giscombe v. ABN Amro Mortg. Grp., Inc.*, 680 F. Supp. 2d 1378, 1382 (N.D. Ga. 2010) (Batten, J.) (dismissing case after plaintiff filed a second shotgun complaint).

## III.   Conclusion

For the reasons herein, the undersigned **GRANTS** Plaintiff's request to proceed IFP, [Doc. 6], for the sole purpose of reviewing Plaintiff's amended complaint for frivolity, and **RECOMMENDS** that the case be **DISMISSED**.

The Clerk is **DIRECTED** to terminate the referral to the undersigned Magistrate Judge.

AO 72A
(Rev.8/82)

**IT IS SO ORDERED AND RECOMMENDED**, this 30th day of April, 2014.

_____
ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE